UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-21795-BLOOM/Elfenbein

LOUIS VUITTON MALLETIER,

     Plaintiff,

v.

THE INDIVIDUALS, BUSINESS ENTITIES, or
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A",

     Defendants.

_____/

## ORDER ON MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Louis Vuitton ("Plaintiff") Motion for

Entry of Default Final Judgment Against Defendants, ECF No. [16] ("Motion"), filed on July 8,

2024. A Clerk's Default was entered against Defendants on June 17, 2024, ECF No. [14], as

Defendants failed to appear, answer, or otherwise plead to the Complaint, ECF No. [1], despite

having been served. *See* ECF No. [12]. The Court has carefully considered the Motion, the record

in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's

Motion is granted.

## I.     BACKGROUND

Plaintiff sued Defendants for trademark counterfeiting and infringement under § 32 of the

Lanham Act, 15 U.S.C. § 1114; false designation of origin under § 43(a) of the Lanham Act,

15 U.S.C. § 1125(a); common-law unfair competition; and common-law trademark infringement.

The Complaint alleges that Defendants are promoting, advertising, distributing, offering for sale

and selling goods bearing and/or using counterfeits and confusingly similar imitations of Plaintiff's

registered trademarks within the Southern District of Florida through various Internet based e-

commerce stores operating on the DHgate.com platform under the store identification numbers identified on Schedule "A" attached to Plaintiff's Motion for Entry of Final Default Judgment (the "Store IDs"). *See* ECF No. [16] at 20-22.

Plaintiff further asserts that Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiff because Defendants have (1) deprived Plaintiff of its right to determine the manner in which its trademarks are presented to the public through merchandising; (2) defrauded the public into thinking Defendants' goods are goods authorized by Plaintiff; (3) deceived the public as to Plaintiff's association with Defendants' goods and the e-commerce stores that market and sell the goods; and (4) wrongfully traded and capitalized on Plaintiff's reputation and goodwill, as well as the commercial value of Plaintiff's trademarks.

In its Motion, Plaintiff seeks the entry of default final judgment against Defendants[1] in an action alleging trademark counterfeiting and infringement, false designation of origin, common-law unfair competition, and common-law trademark infringement.  Plaintiff further requests that the Court (1) enjoin Defendants and all third parties from participating in Defendants' sale and distribution of non-genuine goods bearing and/or using counterfeits of Plaintiff's trademarks, including providing financial and technical services or other support; (2) authorize Plaintiff to request any e-mail service provider permanently suspend the e-mail addresses which are or have been used by Defendants in connection with Defendants' promotion, offering for sale, and/or sale of goods bearing and/or using counterfeits and/or infringements of Plaintiff's trademarks; (3) require Defendants to request in writing permanent termination of any Store IDs, usernames, and social media accounts they own, operate, or control on any e-commerce or social media platform; (4) require the applicable administrators for the Store IDs to disable and/or cease facilitating

---

[1] Defendants are the Individuals, Business Entities, and Unincorporated Associations identified on Schedule "A" of Plaintiff's Motion, and Schedule "A" of this Order. *See* ECF No. [16] at 20-22.

access to the Store IDs and any other alias e-commerce stores, usernames, store identification

numbers, seller identification names, social media accounts, and private messaging accounts,

being used and/or controlled by Defendants which have been used in connection with marketing,

offering to sell, and/or selling goods bearing and/or using counterfeits and infringements of the

Plaintiff's trademarks; (5) require any administrators for the Store IDs to identify any e-mail

address known to be associated with Defendants' respective Store IDs; (6) require any marketplace

administrator to permanently remove any and all listings and associated images of goods bearing

and/or using counterfeits and/or infringements of Plaintiff's trademarks via the e-commerce stores

operating under the Store IDs; (7) require Defendants and any marketplace administrator to

immediately cease fulfillment of and sequester all goods of each Defendant bearing one or more

of Plaintiff's trademarks in its inventory, possession, custody, or control, and surrender those

goods to Plaintiff; and (8) award statutory damages.

Plaintiff is the owner of the following trademarks, which are valid and registered on the

Principal Register of the United States Patent and Trademark Office ("Louis Vuitton Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
|  | 0,297,594 | September 20, 1932 | IC 18. Trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, and pocketbooks. |
| LOUIS VUITTON | 1,045,932 | August 10, 1976 | IC 18. Luggage and ladies' handbags. |
|  | 1,519,828 | January 10, 1989 | IC 18. Trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, pocketbooks. |
|  | 1,794,905 | September 28, 1993 | IC 16. Stationery, pads of stationery, calendars, indexes for articles made for travellers, notebooks, envelopes; writing paper, office requisites in the nature of writing pads, pencil holders, pen cases, pencil cases, nibs, nibs of gold, inkwells, inkstands. IC 25. Clothing for men and women; namely belts, shawls, sashes, scarves; footwear headgear. |

Case No. 24-cv-21795-BLOOM/Elfenbein

| LOUIS VUITTON | 1,990,760 | August 6, 1996 | IC 14. Watches and straps for wrist watches.<br>IC 16. Catalogues featuring luggage and travel accessories, bags, small leather goods, and garments; notebooks, anthologies, and pamphlets referring to travel; calendars; telephone indexes; fountain pens, ballpoint pens, nibs, covers for pocket and desk diaries, and checkbook holders.IC 18. Trunks; traveling trunks; suitcases; traveling bags; luggage; garment bags for travel; hat boxes for travel; shoe bags for travel; umbrellas; animal carriers; rucksacks; haversacks; leather or textile shopping bags; beach bags; handbags; vanity cases sold empty; attaché cases; tote bags, travel satchels; clutch bags; briefcases; wallets; pocket wallets; credit card cases; business card cases; bill and card holders; checkbook holders; key cases; change purses; briefcase-type portfolios.<br>IC 24. Travel blankets<br>IC 25. Shirts; sweatshirts; polo shirts; T-shirts; headwear; jackets; ties; belts; shawls; scarves. |
|---|---|---|---|
| ✦ | 2,177,828 | August 4, 1998 | IC 14. Goods made of precious metals, namely, shoe ornaments, ornamental pins; jewelry, namely, rings, ear rings, cufflinks, bracelets, charms, necklaces; horological instruments, straps for watches, watches and wrist-watches, and cases for watches.<br>IC 18. Goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attaché cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, calling card cases, and credit card cases, umbrellas.<br>IC 25. Clothing and underwear, namely, shirts, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, belts, shoes, boots, and sandals. |

| | | | |
|---|---|---|---|
|  | 2,181,753 | August 18, 1998 | IC 14. Jewelry, namely, rings, ear rings, bracelets, charms, necklaces, horological instruments, straps for watches, watches, and wrist-watches, and cases for watches.<br>IC 18. Goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attaché cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, calling card cases, credit card cases, and umbrellas.<br>IC 25. Clothing and underwear, namely, shirts, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, belts, shoes, boots, and sandals. |
|  | 2,361,695 | June 27, 2000 | IC 25. Clothing, namely, sweaters, shirts, sweatshirts, polo shirts, t-shirts, suits, waistcoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, pocket handkerchief squares for wear, gloves, ties, belts, bathing suits, shoes, boots and sandals, and hats. |
| <br>LOUIS VUITTON PARIS | 2,378,388 | August 22, 2000 | IC 18. Goods made of leather or imitations of leather not included in other classes, namely, boxes of leather principally used for travel purposes, trunks, valises, traveling bags, * traveling sets for containing cosmetics and jewelry, * handbags, beach bags, shopping bags, shoulder bags, brief cases, pouches, fine leather goods namely, pocket wallets, purses, key cases, business card cases, credit card cases. |
|  | 2,399,161 | October 31, 2000 | IC 25. Clothing and underwear, namely, shirts, polo shirts, t-shirts, waistcoats, raincoats, skirts, coats, trousers, dresses, jackets, shawls, stoles, scarves, neckties, gloves, ties, belts, bathing suits, shoes, boots and sandals, hats. |
|  | 2,421,618 | January 16, 2001 | IC 018. Goods made of leather or imitations of leather not included in other classes, namely, valises, traveling bags, * traveling sets for containing cosmetics, handbags, shopping bags, shoulder bags, brief cases, pouches; fine leather goods, namely, pocket wallets, purses, key cases, business card cases, credit card cases. |

5

| | | | |
|---|---|---|---|
| | 2,773,107 | October 14, 2003 | IC 14. Jewelry including rings, earrings, cuff links, bracelets, charms, necklaces, and medallions; horological and chronometric instruments and apparatus, namely, watches,<br>IC 18. Travel bags, travel bags made of leather; luggage trunks and valises, garment bags for travel, vanity-cases sold empty; rucksacks, shoulder bags, handbags; attaché cases, briefcases, drawstring pouches, pocket wallets, purses, umbrellas, business card cases made of leather or of imitation leather, credit card cases made of leather or of imitation leather; key holders made of leather or of imitation leather.<br>IC 25. Clothing, namely, shirts, T-shirts, belts, scarves, neck ties, shawls, skirts, raincoats, overcoats, trousers, jeans, pullovers, frocks, high heeled shoes, low-heeled shoes, boots, tennis shoes; hats |
| | 3,107,072 | June 20, 2006 | IC 09. Spectacles, sunglasses and spectacle cases.<br>IC 14. Jewelry, namely, rings, earrings and ear clips, cuff links, bracelets, charms, necklaces, tie pins, medallions; horological and chronometric apparatus and instruments, namely, watches, watch cases, alarm clocks; jewelry boxes of precious metal, their alloys or coated therewith.<br>IC 18. Leather and imitation leather products, namely, traveling bags, traveling sets comprised of bags or luggage, trunks and suitcases, garment bags for travel purposes; vanity cases sold empty, rucksacks, shoulder bags, handbags, attaché cases, document wallets and briefcases made of leather, pouches made of leather, wallets, purses, key cases, business card cases, credit card cases; umbrellas.<br>IC 25. Clothing and undergarments, namely, shirts, tee-shirts, belts, scarves, neckties, shawls, skirts, raincoats, overcoats, trousers, denim trousers, dresses, jackets, sashes for wear, bathing suits, shoes, boots. |
| | 3,576,404 | February 17, 2009 | IC 18: boxes of leather or imitation leather for packaging and carrying goods, trunks, suitcases, traveling sets comprised of matching luggage, traveling bags, luggage, garment bags for travel, ((vanity cases not fitted, )) toiletry cases sold empty, rucksacks, satchels, handbags, beach bags, leather shopping bags, sling bags, suit carriers, shoulder bags, waist bags, purses, travel cases, briefcases, briefcase-type portfolios, leather pouches, wallets, change purses, key cases, business card cases, calling card cases. |

| | | | |
|---|---|---|---|
|  | 4,192,541 | August 21, 2012 | IC 03. Soaps for personal use; perfumery; essential oils; cosmetics; creams for the hair, face, and body; lotions for the hair, face, and body; shower and bath gels; shower and bath preparations; shampoos; make-up preparations, namely, foundations, lipsticks, eye shadows, mascara, make-up powder, and nail polish. IC 09. Sunglasses; spectacles; optical lenses; spectacle cases; telephones; mobile telephones; smart phones; PC tablets; personal digital assistants; MP3 players; accessories for telephones, mobile telephones, smart phones, PC tablets, personal digital assistants, and MP3 players, namely, hands-free kits for telephones, batteries, covers, housings, façades, chargers, hand straps, and neck straps. IC 14. Jewelry; key rings of precious metal; tie pins; medallions; jewelry boxes; watches; watch bands; alarm clocks; cases for timepieces. IC 16. Printed matter, namely, pamphlets, catalogs, and books in thefield of travel, luggage, luxury goods, fashion, clothing, sports, thearts; publications, namely, brochures and booklets in the field of travel, luggage, luxury goods, fashion, clothing, sports, the arts; stationery; stationery articles, namely, note pads, writing books, drawing books, calendars, agendas, notebooks, envelopes, letter paper, and index cards; covers for diaries, indexes, and pads; office requisites, namely, letter trays, paper cutters, pencils, inkstands, inkwells, paperweights, pencil holders, pen holders, writing pads, pens, balls, and nibs for pens; postcards; paper labels; newspapers; printed documents, namely, printed certificates. IC 18. Boxes of leather or imitation leather for packaging and carrying goods; traveling bags; leather traveling sets of luggage; trunks; suitcases; garment bags for travel; vanity cases sold empty; toiletry bags sold empty; backpacks; handbags; attaché cases; leather document cases; wallets; purses; leather key cases; umbrellas. IC 24. Textiles and textile goods, namely, bath linen, bed linen, table linen, towels, bed covers, textile table cloths. IC 25. Clothing, namely, underwear, shirts, tee-shirts, pullovers, skirts, dresses, trousers, coats, jackets, belts for clothing, scarves, sashes for wear, gloves, neckties, socks, bathing suits; footwear; headwear. IC 34. Cigar and cigarette cases of leather and imitation leather. |

Case No. 24-cv-21795-BLOOM/Elfenbein

| | | | |
|---|---|---|---|
| LOUIS VUITTON | 4,530,921 | May 13, 2014 | IC 09. Optical apparatus, namely, binoculars; blank USB sticks; spectacles; sunglasses; spectacle frames; spectacle glasses; spectacle cases; accessories for telephones, mobile phones, smart phones, tablet devices, PDAs, and MP3 Players, namely, covers, neck straps, neck cords, and bags and cases specially adapted for holding or carrying portable telephones and telephone equipment and accessories.<br>IC 16. Paper bags; boxes of cardboard or paper; cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper.<br>IC 25. Clothing, namely, pullovers, vests, shirts, tee-shirts, trousers, jackets, suits, coats, rain coats, waterproof jackets, waterproof pants, overcoats, parkas, skirts, dresses, pajamas, dressing gowns, nightgowns, robe, gloves, neck ties, belts for clothing, leather belts, scarves, pocket squares, sashes for wear, shawls, stockings, socks, tights, braces for clothing, suspenders, stoles, underwear, lingerie, bathing suits; headwear; shoes; slippers; boots; half-boots.<br>IC 26. Buttons; hooks and eyes; shoe buckles; hair accessories, namely, hair pins, barrettes, hair bows, hair clips, hair bands, hair wraps; hair ornaments; brooches for clothing; clothing fasteners, namely, scarf holders. |
|  | 5,477,535 | May 29, 2018 | IC 009: Scientific, nautical, surveying, photographic, cinematographic, optical, weighing, measuring, signaling, checking and supervision, life-saving and teaching apparatus and instruments, namely, life vests; apparatus for recording, transmission, reproduction of sound or images, magnetic recording media, namely, |

| | | | blank magnetic data carriers, blank sound recording disks; bags and cases for video cameras or photographic apparatus; blank recordable CD-Rs, blank recordable DVDs and other digital recording media, namely, blank digital storage media; calculating machines, data processing equipment, computers and computer equipment, namely, computer peripherals, computer keyboards, printers for use for computers, mouse pads; computer software for downloading, publishing, showing, displaying, labeling, blogging, and sharing electronic media or information via the Internet or other communications networks in the fields of travel, luggage, luxury goods, fashion, clothing, sports, sailing, and the arts; blank USB sticks, electronic agendas, game software, recorded computer programs, for downloading, displaying, and sharing electronic media or information via the Internet or other communications networks in the fields of travel, luggage, luxury goods, fashion, clothing, sports, sailing, and the arts; electronic publications, namely, catalogs, books, brochures, pamphlets, and booklets in the fields of travel, luggage, luxury goods, fashion, clothing, sports, sailing, and the arts downloadable online or from the Internet; spectacles, sunglasses; spectacle frames; spectacle lenses, contact lenses; cases for spectacles or for contact lenses; signaling buoys, marker buoys in the nature of positioning buoys; telephones, mobile telephones, smartphones, tablets computers, personal electronic assistants (PDAs) and MP3 players; accessories for telephones, mobile telephones, smartphones, tablet computers, PDAs, and MP3 players, namely, hands-free kits for telephones, batteries, covers and cases, protective covers in the nature of facings; battery chargers, straps and lanyards for use with telephones, mobile telephones, smartphones, tablet computers, PDAs, and MP3 players, earphones; bags and cases specially adapts for holding or carrying mobile telephones and telephone equipment.<br><br>IC 014: Jewelry; fashion jewelry, especially precious or semi-precious stones, pearls, rings, earrings, cuff links, bracelets, charms, brooches, necklaces, pendants, key rings of precious metal, tie pins, medallions, jewelry rolls for travel; jewelry boxes; trophies of precious metal; timepieces, watches, wristwatches, watch straps, alarm clocks, stop watches, clock and watch making |
|---|---|---|---|

| | | | pendulums and cases or presentation cases for timepieces.<br><br>IC 018: Boxes of leather or imitation leather; travel bags, travel sets, namely, leather travel bags, trunks and suitcases, garment travel bags for footwear; unfitted vanity cases; backpacks, handbags; sports bags; evening bags, namely, clutch bags, attaché cases and briefcases of leather; wallets, purses, card wallets, key cases of leather; parasols, umbrellas.<br><br>IC 025: Clothing, namely, pullovers, vests, shirts, tee-shirts, trousers, jackets, suits, coats, raincoats, overcoats, parkas, skirts, dresses; pajamas, house coats, night shirts, dressing gowns; clothing accessories, namely, hats, caps, bonnets, gloves, neckties, belts, leather belts, scarves, pocket squares, shawls, stockings, socks, tights, suspenders, stoles; underwear, lingerie; bathing suits; footwear, slippers, boots and half-boots.<br><br>IC 041: Educational, training, and entertainment services, namely, editing and publishing of catalogs, newspapers, books, magazines and texts other than for advertising in the field of travel, luggage, luxury goods, fashion, clothing, sports, and the arts; sporting activities, namely, arranging and organization of sporting competitions and of sailing contests; sporting and cultural activities, namely, sailing races; organization of sporting competitions and of sailing contests; radio entertainment, television show and film production; publishing of electronic publications, namely, on-line providing of electronic, non-downloadable publications; cultural activities, namely, organization of events for cultural purposes; organization of competitions for education or entertainment purposes, namely, sports competitions; arranging and conducting of educational conferences and congresses; educational services, namely, arranging and conducting of colloquiums and seminars in the field of travel, luggage, luxury goods, fashion clothing, sports, sailing, and the arts; educational services, namely, conducting educational conferences, congresses, seminars in the field of travel, luggage, luxury goods, fashion clothing, sports, sailing, and the arts; organization of exhibitions for cultural or educational purposes; arranging and conducting of concerts, specifically excluding concerts offered by or in |
|---|---|---|---|

Case No. 24-cv-21795-BLOOM/Elfenbein

| | | | |
|---|---|---|---|
| | | | nightclubs; museum services, namely, providing museum facilities presentations and exhibitions; production of fashion shows; entertainment information, information on education, information on education in the field of training; organization of fashion shows for entertainment purposes; photographic reporting; entertainment services in the nature of production and distribution of multimedia entertainment contents, namely, programs and events provided through audio and video for broadcasting on a telecommunications network including computer networks; photography, photographic reporting; publication of books, publication of texts other than advertising texts, electronic publication of books and magazines online, writing of texts other than advertising and publicity texts, publication of books and reviews. |
|  | 6,836,090 | September 6, 2022 | IC 018. Boxes of leather or imitation leather; travelling bags; leatherware in the nature of travelling bag sets; trunks being luggage and suitcases; garment bags for travel purposes for clothes and shoes; vanity cases, not fitted; rucksacks; handbags; sport bags; clutches in the nature of evening purses; attaché cases made of leather; briefcases made of leather; pocket wallets; wallets; change purses; business card cases; leatherware in the nature of key cases; parasols; umbrellas; pet clothing; bags for carrying animals. |
|  | 6,836,091 | September 6, 2022 | IC 018. Boxes of leather or imitation leather; travelling bags; leatherware in the nature of travelling bag sets; trunks being luggage; garment bags for travel purposes for clothes and shoes; vanity cases, not fitted; rucksacks; handbags; sport bags; attaché cases made of leather; briefcases made of leather; pocket wallets; wallets; change purses; business card cases; leatherware in the nature of key cases; parasols; umbrellas; pet clothing; bags for carrying animals. |

*See* ECF No. [1-2] (containing Certificates of Registrations for the Louis Vuitton Marks at issue).

The Louis Vuitton Marks are used in connection with the manufacture and distribution of high-quality goods in the categories identified above. *See* ECF No. [16-1] at 4-5.

Defendants, through various Internet based e-commerce stores operating on the DHgate.com platform under the store identification numbers identified on Schedule "A" (the

11

"Store IDs"), have advertised, promoted, offered for sale, or sold goods bearing and/or using what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the Louis Vuitton Marks. *See* ECF No. [16-1] at 9-10; ECF No. [16-3] at 2.

Although each Defendant may not copy and infringe each Louis Vuitton Mark for each category of goods protected, Plaintiff has submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the Louis Vuitton Marks. *See* ECF No. [16-1] at 4, 9-10, 22. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Louis Vuitton Marks. *See id.* at 9-10.

Defendants' e-commerce stores operating under the respective Store IDs were accessed via the DHgate.com platform, and observed to be advertising, offering for sale, and/or promoting products bearing and/or using various counterfeits and confusingly similar imitations of one or more of Plaintiff's trademarks at issue in this action. *See* ECF No. [16-3] at 2. The detailed web pages and images captured and downloaded under the direct supervision of Plaintiff's counsel's office, Stephen M. Gaffigan, P.A., showing Plaintiff's branded products offered for sale and/or ordered via Defendants' e-commerce stores operating under the Store IDs were sent to Plaintiff's representative for review. *See id.; see also* ECF Nos. [6-2 through 6-6].

Plaintiff's representative reviewed and visually inspected the detailed web page captures and images reflecting Plaintiff's branded products[2] provided by Stephen M. Gaffigan, P.A. and determined the products to be non-genuine, unauthorized versions of Plaintiff's goods. *See* ECF No. [16-1] at 10.

---

[2] Some Defendants deliberately blurred-out and/or physically altered the images of the Louis Vuitton Marks on the products being offered for sale via their respective e-commerce stores. Images of the products at issue bearing one or more of the Louis Vuitton Marks in their entirety are shown in the customer reviews from buyers who bought the product at issue from the respective Defendants.  *See* ECF No. [16-1] at 10, n.1; ECF No. [16-3] at 2, n.1.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "[A] defendant's default does not in itself warrant the court entering a default judgment." *DirecTV, Inc. v. Huynh,* 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Granting a motion for default judgment is within the trial court's discretion. *Nishimatsu,* 515 F.2d at 1206. Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.; see also Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint and is therefore established by the entry of default. . .").

## III.    DISCUSSION

### A.  Claims

### 1.  Trademark Counterfeiting and Infringement Under 15 U.S.C. § 1114 (Count I)

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. In order to prevail on its trademark infringement claim under Section 32 of the Lanham Act, Plaintiff must demonstrate that (1) it had prior rights to the mark at issue; and (2) Defendants adopted a mark or name that was the same, or confusingly similar to Plaintiff's trademark, such that consumers were likely to confuse the two. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)).

### 2.   False Designation of Origin Under 15 U.S.C. § 1125(a) (Count II)

To prevail on a claim for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiff must prove that Defendants used in commerce, in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin that is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval, of Defendants' goods by Plaintiff. *See* 15 U.S.C. § 1125(a)(1). The test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim – i.e., whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 780 (1992).

### 3.   Common-Law Unfair Competition and Trademark Infringement (Counts III and IV)

Whether a defendant's use of a plaintiff's trademarks created a likelihood of confusion between the plaintiff's and the defendant's products is also the determining factor in the analysis of unfair competition under Florida common law. *Rolex Watch U.S.A., Inc. v. Forrester,* No. 83- 8381-CIV-PAINE, 1986 WL 15668, at *3 (S.D. Fla. Dec. 9, 1986) ("The appropriate test for determining whether there is a likelihood of confusion, and thus trademark infringement, false designation of origin, and unfair competition under the common law of Florida, is set forth in *John H. Harland, Inc. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983)."); *see also Boston Prof'l Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc.*, 510 F.2d 1004, 1010 (5th Cir. 1975) ("As a general rule . . . the same facts which would support an action for trademark infringement would also support an action for unfair competition.").

The analysis of liability for Florida common law trademark infringement is the same as the analysis of liability for trademark infringement under § 32(a) of the Lanham Act. *See PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1217-18 (S.D. Fla. 2004).

### B.  Liability

Upon a review of Plaintiff's submissions, it appears there is a sufficient basis in the pleading for the default judgment to be entered in favor of Plaintiff. The well-pled factual allegations of Plaintiff's Complaint properly allege the elements for each of the claims described above. *See* ECF No. [1]. Moreover, the factual allegations in Plaintiff's Complaint has been substantiated by sworn declarations and other evidence and establish Defendants' liability under each of the claims asserted in the Complaint. Accordingly, default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

### C.  Injunctive Relief

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. *See* 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509–10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g., PetMed Express,* 336 F. Supp. 2d at 1222–23. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.")

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392–93 (2006). Plaintiff has carried its burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

Specifically, in trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). Plaintiff's Complaint alleges that Defendants' unlawful actions have caused Plaintiff irreparable injury and will continue to do so if Defendants are not permanently enjoined. *See* ECF No. [1]. Further, the Complaint alleges, and the submissions by Plaintiff show, that the goods promoted, advertised, offered for sale, and sold by Defendants are nearly identical to Plaintiff's genuine products and that consumers viewing Defendants' counterfeit goods post-sale would actually confuse them for Plaintiff's genuine products. *See id*. "Defendants' actions are likely to cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe all of Defendants' goods offered for sale in or through Defendants' e-commerce stores are genuine goods originating from, associated with, and/or approved by [Plaintiff]." *See* ECF No. [1] at 24.

Plaintiff has no adequate remedy at law so long as Defendants continue to operate the Store IDs because Plaintiff cannot control the quality of what appears to be its products in the marketplace. An award of monetary damages alone will not cure the injury to Plaintiff's reputation

and goodwill that will result if Defendants' infringing and counterfeiting actions are allowed to continue. Moreover, Plaintiff faces hardship from loss of sales and its inability to control its reputation in the marketplace. By contrast, Defendants face no hardship if they are prohibited from the infringement of Plaintiff's trademarks, which is an illegal act.

Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' products. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendants' infringing activities. *See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ.,* 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co*., 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Defendants have created an Internet-based counterfeiting scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Accordingly, the Court may fashion injunctive relief to eliminate the means by which Defendants are conducting their unlawful activities by permanently suspending the e-mail addresses which are or have been used by Defendants, terminating, disabling, and/or cease facilitating access to the Store IDs, requiring their listings and associated images be removed, and the goods of each Defendants bearing and/or using one or more of Plaintiff's trademarks be surrendered, such that these means may no longer

be used as instrumentalities to further the sale of counterfeit goods.

### D. Statutory Damages for the Use of Counterfeit Marks

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000 nor more than $200,000 per counterfeit mark per type of good. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000 per mark per type of good. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiff has elected to recover an award of statutory damages as to Count I of the Complaint.

The Court has wide discretion to determine the amount of statutory damages. *See PetMed Express,* 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). An award of statutory damages is appropriate despite a plaintiff's inability to prove actual damages caused by a defendant's infringement. *Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809-CIV, 2014 WL 1652044, at *7 (S.D. Fla. Apr. 23, 2014) (quoting *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent.")); *Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc.*, No. CIV.A. 96-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits). Indeed, Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain. *See* S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages); *see also PetMed Express,* 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer

nondisclosure"). This case is no exception.

This Court may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007). Although the Court is permitted to conduct a hearing on a default judgment regarding damages pursuant to Fed. R. Civ. P. 55(b)(2)(B), an evidentiary hearing is not necessary where there is sufficient evidence on the record to support the request for damages. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also PetMed Express*, 336 F. Supp. 2d at 1223 (entering default judgment, permanent injunction and statutory damages in a Lanham Act case without a hearing).

Here, the allegations in the Complaint, which are taken as true, clearly establish Defendants intentionally copied Plaintiff's Marks for the purpose of deriving the benefit of Plaintiff's famous reputation. As such, the Lanham Act permits the Court to award up to $2,000,000 per infringing mark on each type of good as statutory damages to ensure that Defendants do not continue their intentional and willful counterfeiting activities.

The evidence in this case demonstrates that each Defendant promoted, distributed, advertised, offered for sale, and/or sold at least one (1) type of good bearing and/or using at least one (1) mark which were in fact counterfeits of at least one of Plaintiff's Marks. *See* ECF No. [1]. Based on the above considerations, Plaintiff suggests the Court award statutory damages of one million dollars ($1,000,000.00) per mark, per type of good. *See* ECF No. [16-1] at 22. As each Defendant used at least one counterfeit mark on one type of good, Plaintiff suggests the Court award statutory damages of $1,000,000.00 against each Defendant. *See id.* The award should be

Case No. 24-cv-21795-BLOOM/Elfenbein

sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiff's trademarks, compensate Plaintiff, and punish Defendants, all stated goals of 15 U.S.C. § 1117(c). The Court finds that this award of statutory damages falls within the permissible statutory range under 15 U.S.C. § 1117(c) and is just.

### E. Damages for False Designation of Origin, Common Law Unfair Competition and Trademark Infringement

Plaintiff's Complaint also sets forth a cause of action for false designation of origin pursuant to § 43(a) of the Lanham Act (Count II), Florida's common law of unfair competition (Count III), and Florida's common law trademark infringement (Count IV). *See* 15 U.S.C. § 1125(a). As to Counts II, III, and IV, the allowed scope of monetary damages is also encompassed in 15 U.S.C. § 1117(c). Accordingly, judgment on Counts II, III, and IV is limited to the amount awarded pursuant to Count I and entry of the requested equitable relief.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [16]**, is **GRANTED** against those Defendants listed in the attached Schedule "A." Default Final Judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 8, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

20

Case No. 24-cv-21795-BLOOM/Elfenbein

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER, DHGATE.COM STORE ID, AND**
**INFRINGING PRODUCT NUMBER**

| Def. No. | Store ID | Infringing Product Number |
|:---:|:---:|:---:|
| 1 | 21860647 | 876417145 |
| 2 | 21859696 | 837342260 |
| 3 | 21496818 | 646709314 |
| 4 | 21881425 | 881565329 |
| 5 | 21897234 | 879229494 |
| 6 | 21721530 | 753887325 |
| 7 | 21786698 | 761868269 |
| 8 | 21923046 | 913072187 |
| 9 | 21191432 | 675496158 |
| 10 | 21824254 | 816670759 |
| 11 | 21845596 | 817920149 |
| 12 | 21908982 | 895428196 |
| 13 | 21829435 | 803721174 |
| 14 | 21695864 | 804742404 |
| 15 | 21050789 | 454625698 |
| 16 | 21607144 | 629640276 |
| 17 | 21757749 | 770896506 |
| 18 | 21719528 | 791642021 |
| 19 | 21157267 | 431571577 |
| 20 | 21888427 | 875717380 |
| 21 | 21868612 | 853456946 |
| 22 | 21185544 | 543645376 |
| 23 | 21571045 | 816639716 |
| 24 | 20345507 | 760287512 |
| 25 | 21637819 | 655594751 |
| 26 | 21827569 | 828456300 |
| 27 | 21208414 | 634700936 |
| 28 | 21859101 | 853105492 |
| 29 | 21906301 | 899224471 |
| 30 | 21901260 | 886302185 |
| 31 | 21038849 | 799350976 |
| 32 | 21838359 | 821597440 |
| 33 | 21892848 | 895847314 |
| 34 | 21793665 | 791046375 |
| 35 | 21880150 | 858557908 |
| 36 | 21227103 | 801946495 |
| 37 | 21834172 | 809699576 |
| 38 | 21637744 | 724893896 |

Case No. 24-cv-21795-BLOOM/Elfenbein

| | | |
|---|---|---|
| 39 | 20462637 | 878940170 |
| 40 | 21836745 | 813067584 |
| 41 | 21860761 | 842151823 |
| 42 | 21223258 | 833791399 |
| 43 | 21637841 | 702037910 |
| 44 | 21786995 | 788981885 |
| 45 | 21646881 | 706086646 |
| 46 | 21901395 | 901000617 |
| 47 | 21871337 | 862570570 |
| 48 | 21645178 | 738277756 |
| 49 | 20222487 | 472051052 |
| 50 | 21033236 | 725712542 |
| 51 | 14498336 | 736163356 |
| 52 | 21853035 | 694894573 |
| 53 | 21228867 | 786616567 |
| 54 | 21499654 | 765376679 |
| 55 | 21826456 | 808019425 |
| 56 | 21701169 | 848363042 |
| 57 | 21845869 | 851475350 |
| 58 | 21851183 | 821591503 |
| 59 | 21204942 | 477743061 |
| 60 | 21841541 | 873361552 |
| 61 | 20962766 | 874250264 |
| 62 | 21892896 | 873738294 |
| 63 | 21860796 | 844504685 |
| 64 | 21859726 | 843644467 |
| 65 | 21859792 | 833768929 |
| 66 | 21861604 | 921572741 |
| 67 | 21666101 | 776835326 |
| 68 | 21640400 | 654416492 |
| 69 | 21695914 | 755463710 |
| 70 | 21418987 | 631880868 |
| 71 | 21770373 | 843541129 |
| 72 | 21260721 | 838124986 |
| 73 | 21660106 | 700035978 |
| 74 | 21676558 | 715235254 |
| 75 | 21084325 | 656161205 |
| 76 | 21829447 | 802617713 |
| 77 | 20740707 | 751209042 |
| 78 | 21794566 | 779552770 |
| 79 | 21860849 | 874789580 |
| 80 | 21766144 | 807764288 |
| 81 | 21860823 | 834362384 |

Case No. 24-cv-21795-BLOOM/Elfenbein

| 82 | 20411207 | 520203338 |
|----|----------|-----------|
| 83 | 20804418 | 723166728 |
| 84 | 20674381 | 638747078 |
| 85 | 21849419 | 828077655 |
| 86 | 21883829 | 861173888 |
| 87 | 20915916 | 663339160 |